IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| MANISTIQUE PAPERS, INC., | Case No. 11-12562 (KJC) |
| Debtor.[1] | |

**DEBTOR'S MOTION FOR THE ENTRY OF INTERIM AND FINAL ORDERS PURSUANT TO SECTIONS 105, 361, 362, AND 363 OF THE BANKRUPTCY CODE (I) AUTHORIZING DEBTOR TO USE CASH COLLATERAL; (II) GRANTING ADEQUATE PROTECTION TO THE DEBTOR'S PREPETITION SECURED LENDER AND (C) SCHEDULING A FINAL HEARING**

The above-captioned debtor and debtor in possession (the "<u>Debtor</u>") hereby moves (the "<u>Motion</u>") for the entry of interim (the "<u>Interim Order</u>")[2] and final (the "<u>Final Order</u>") orders pursuant to sections 105, 361, 362, and 363 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), (i) authorizing the Debtor to use of "cash collateral," as such term is defined in Bankruptcy Code, in which the Debtor's prepetition secured lender has an interest, (the "<u>Cash Collateral</u>"), (ii) granting adequate protection to the Debtor's prepetition secured lender, and (c) scheduling a final hearing on the Motion pursuant to Rule 4001(b) of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"). In support of this Motion, the Debtor relies on and incorporates by reference the Declaration of Jon Johnson in Support of the Debtor's Chapter 11 Petition and First Day Motions (the "<u>Johnson Declaration</u>"), filed contemporaneously herewith, and respectfully represents as follows:

---

[1] The Debtor's federal tax identification number is 65-1290950. The Debtor's mailing address and corporate headquarters is 453 South Mackinac Avenue, Manistique, MI 49854-1399.

## JURISDICTION

1. The Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of this case and the Motion in this Court is proper under 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief requested herein are sections 105, 361, 362, and 363 of the Bankruptcy Code, as supplemented by Bankruptcy Rules 2002, 4001 and 9014, and Rule 4001-2 of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

## BACKGROUND

3. On August 12, 2011 (the "Petition Date"), the Debtor commenced this bankruptcy case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code. No trustee, examiner or creditors' committee has been appointed in this case. The Debtor is operating its businesses as a debtor in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

4. An overview of the Debtor's business operations, capital structure, and the circumstances leading to this chapter 11 case is set forth in the Johnson Declaration.

## THE DEBTOR'S PREPETITION DEBT STRUCTURE

5. The Debtor is indebted to RBS Citizens, National Association ("RBS Citizens"), pursuant to a Credit Agreement between Debtor and RBS Citizens dated November 16, 2006, in the approximate amount of $11.1 million, as of the Petition Date. In consideration of RBS Citizens' advances under the Credit Agreement, the Debtor granted RBS Citizens a security interest in all of its assets.

---

[2] Capitalized terms not defined herein are defined in the Interim Order or Exhibit A to the Interim order.

6. Debtor is indebted to Merit Mezzanine Fund IV, L.P., a Delaware limited partnership, and Merit Mezzanine Parallel Fund IV, L.P., a Delaware limited partnership (collectively, "Merit"), pursuant to subordinated notes in the original principal amount of $16 million. As the result of subsequent advances to the Debtor by Merit, as of the Petition Date, the Merit debt, including accrued interest, totals approximately $33 million.

7. In addition to the foregoing, as of the Petition Date, the Debtor had approximately $13.3 million in unpaid accounts payable, $400,000 in long-term environmental liabilities, and $850,000 in management fees allegedly due to Remark Paper Co., Inc.

**THE DEBTOR'S URGENT NEED FOR CASH COLLATERAL**

8. The Debtor requires immediate access to Cash Collateral to permit, among other things, the orderly continuation of the operation of its businesses, to maintain business relationships with vendors, suppliers and customers, to make payroll, to make immediately necessary capital expenditures, to pay the costs of administration of its estate and to satisfy other working capital and operational needs.

9. The Debtor does not have sufficient available sources of cash to carry on the operation of its business without the use of the Cash Collateral. The Debtor's ability to maintain business relationships with its vendors, suppliers and customers, to pay its employees and otherwise finance its operations is essential to the Debtor's continued viability and prospects for an orderly sale or liquidation of substantially all of its assets.

10. The Debtor's access to sufficient working capital and liquidity through the use of Cash Collateral and other financial accommodations is vital to the preservation and maintenance of the value of its estate pending a sale process. Without continued and uninterrupted access to Cash Collateral, the Debtor will not be able to operate its business at all,

and the Debtor, its estate, and creditors would suffer serious and likely irreparable harm. Preserving, maintaining, and enhancing the value of the Debtor's business and assets is of the utmost importance to maximizing value.

11. The Debtor submits that the Cash Collateral arrangement set forth herein is fair and reasonable and reflects the Debtor's prudent exercise of its business judgment consistent with its fiduciary duties.

## AUTHORIZATION TO USE CASH COLLATERAL

12. The Lender has consented to the Debtor's use of Cash Collateral. Accordingly, the Debtor submits that the terms of the Cash Collateral arrangement set forth in the proposed Interim Order, including the grant of adequate protection and other rights and protections granted to the Lender, constitute adequate protection of the Lender's interest in the Cash Collateral and satisfy the requirements of sections 361 and 363(e) of the Bankruptcy Code.

13. As adequate protection for, and to the extent of, any diminution in the value of the Lender's interest in prepetition collateral resulting from the use of the Cash Collateral, but only to the extent that the Lender's interests in the Cash Collateral constitute valid and perfected liens and security interests as of the Petition Date, the Lender shall receive the following adequate protection:

   (a) <u>Replacement Liens</u>. The Lender shall be granted additional and replacement First Priority Liens (the "<u>Replacement Liens</u>") in the Postpetition Collateral and in any Prepetition Collateral not subject to the Prepetition Liens, subject only to Permitted Priority Liens. Postpetition Collateral does not include claims and proceeds for actions under chapter 5 of the Bankruptcy Code, and the Replacement Lines do not attach to claims or proceeds of such actions.

(b) <u>Superpriority Claim</u>. If and to the extent the adequate protection of the interests of Lender in the Aggregate Collateral granted to Lender proves insufficient, Lender shall have an allowed claim (the "<u>Superpriority Claim</u>") under section 507(b) of the Bankruptcy Code in the amount of any such insufficiency, with priority over (1) all costs and expenses of administration of this case that are incurred under any provision of the Bankruptcy Code, other than the Carveout, including, without limitation, section 503(b), 506(c), 507(a), or 552(b) of the Bankruptcy Code and (2) the claims of any other party in interest under section 507(b) of the Bankruptcy Code.

14. Pursuant to Local Rule 4001-2(a)(i), the following is a concise statement terms of the proposed Interim Order, a copy of which is attached hereto as **Exhibit A**, implicated by such Local Rule, and the justification for each:

| Local Rule Subsection | Location of Language Implicated and Justification |
|---|---|
| *Local Rule 4001-2(a)(i)(A)* requires the disclosure of provisions that grant cross-collateralization protection (other than replacement liens or other adequate protection) to prepetition secured creditors. | Paragraph 5(b) of the Interim Order grants the Lender Replacement Liens, which, pursuant to the definitions attached to the Interim Order, include any Prepetition Collateral not subject to the Prepetition Liens, subject only to Permitted Priority Liens.<br><br>This provision is necessary to provide adequate protection to the Lender. Section 361(2) of the Bankruptcy Code recognizes that a lender may be entitled to additional liens as adequate protection. These additional liens in the Prepetition Collateral not already subject to Prepetition Liens are necessary to adequately protect the Lender while the Debtor uses its Cash Collateral. Without these additional liens, the Lender would not permit the Debtor to use its Cash Collateral. The Debtor believes this provision is in accordance with this rule. |

5

| | |
|---|---|
| *Local Rule 4001-2(a)(i)(B)* requires the disclosure of provisions or findings of fact that bind the estate or other parties in interest with respect to the validity, perfection or amount of the secured creditor's prepetition lien or the waiver of claims against the secured creditor without first giving parties in interest at least seventy-five (75) days from the entry of the order and the creditors' committee, if formed, at least sixty (60) days from the date of its formation to investigate such matters | Paragraph 6 of the Interim Order provides that a creditors' committee, trustee or other party in interest will have seventy-five (75) days from the Petition Date or, for the creditors' committee, sixty (60) days from its formation to investigate the Lender's liens before the Debtor's stipulations become binding.<br><br>The Lender requires this provision as a condition to consenting to the Debtor's use of Cash Collateral. The Debtor believes this provision is in accordance with this rule. |
| *Local Rule 4001-2(a)(i)(C)* requires the disclosure of provisions that seek to waive, without notice, whatever rights the estate may have under section 506(c) of the Bankruptcy Code. | Paragraph 5(e) of the Interim Order provides a waiver, without notice, of the rights the estate may have to items potentially chargeable under section 506I of the Bankruptcy Code, but only upon entry of a Final Order.<br><br>The Lender requires this provision as a condition to consenting to the Debtor's use of Cash Collateral. In addition, the Debtor believes that this provision is justified because of the Carveout in the Interim Order for accrued, allowed fees and expenses of the Debtor's professionals and U.S. Trustee's fees. The Debtor believes this provision is in accordance with this rule. |
| *Local Rule 4001-2(a)(i)(D)* requires the disclosure of provisions that immediately grant to the prepetition secured creditor liens on the debtor's claims and causes of action arising under sections 544, 545, 547, 548, and 549 of the Bankruptcy Code. | The definition of Postpetition Collateral does not specifically carve out causes of action under section 545; however, it does carve out all recoveries under section 550 which would include recoveries under section 545. Therefore, the Debtor believes that the Lender will not have liens in the proceeds of any such actions and that this rule is not implicated. |
| *Local Rule 4001-2(a)(i)(E)* requires the disclosure of provisions that deem prepetition secured debt to be postpetition debt or that use postpetition loans from a prepetition secured creditor to pay part or all of that secured creditor's prepetition debt, other than as provided in 11 U.S.C. § 552(b). | The Debtor believes that this rule is not implicated. |

| | |
|---|---|
| *Local Rule 4001-2(a)(i)(F)* requires the disclosure of provisions that provide disparate treatment for the professionals retained by a creditors' committee from those professionals retained by the debtor with respect to a professional fee carve-out. | The Carveout provided in Paragraph 3 of the Interim Order (and defined in Exhibit A to the Interim Order) does not include a carve-out for professionals retained by a creditors' committee.<br><br>The Lender requires this provision as a condition to consenting to the Debtor's use of Cash Collateral. |
| *Local Rule 4001-2(a)(i)(G)* requires the disclosure of provisions that prime any secured lien without the consent of that lienor. | This rule is not implicated. |

15. Pursuant to Bankruptcy Rule 4001(b)(1)(B), the following is a concise statement terms of the proposed Interim Order implicated by such Bankruptcy Rule:

| Requirements of Bankruptcy Rule 4001(b)(1)(B) | Disclosures |
|---|---|
| (i) the name of each entity with an interest in the cash collateral; | The Lender and the Debtor |
| (ii) the purposes for the use of the cash collateral; | To maintain limited operation of the Debtor's business and value of the assets and the estate pending a sale of the Debtor's business and/or assets. |
| (iii) the material terms, including duration, of the use of the cash collateral; and | *See* table at ¶ 12, *supra*. The Debtor's use of the Cash Collateral expires on a date to be determined prior to the hearing. |
| (iv) any liens, cash payments, or other adequate protection that will be provided to each entity with an interest in the cash collateral or, if no additional adequate protection is proposed, an explanation of why each entity's interest is adequately protected. | *See* ¶ 11, *supra*. |

## RELIEF REQUESTED

16. By this Motion, the Debtor respectfully requests the entry of the Interim Order (i) authorizing the use of Cash Collateral on an interim basis; (ii) authorizing the Debtor to provide adequate protection in favor of the Lender to protect against any diminution in value of the Lender's interests in the Cash Collateral; and (iii) scheduling a final hearing (the "Final Hearing") to consider entry of the Final Order.

## BASIS FOR RELIEF REQUESTED

17. Section 363 of the Bankruptcy Code governs the Debtor's use of property of its estate.[3] Section 363(c)(1) of the Bankruptcy Code provides that:

> If the business of the debtor is authorized to be operated under Section . . . 1108 . . . of this title and unless the court orders otherwise, the trustee may enter into transactions, including the sale or lease of property of the estate, in the ordinary course of business, without notice or a hearing, and may use property of the estate in the ordinary course of business without notice or a hearing.

11 U.S.C. § 363(c)(1).

18. Section 363(c)(2) of the Bankruptcy Code, however, provides an exception with respect to "cash collateral" to the general grant of authority to use property of the estate in the ordinary course set forth in section 363 of the Bankruptcy Code. Specifically, a trustee or debtor in possession may not use, sell, or lease "cash collateral" under subsection (c)(1) unless:

> (A) each entity that has an interest in such collateral consents; or

---

[3] Pursuant to section 1107 of the Bankruptcy Code, a debtor in possession has all of the rights and powers of a trustee with respect to property of the estate, including the right to use property of the estate in compliance with section 363 of the Bankruptcy Code. *See* 11 U.S.C. § 1107(a).

8

(B) the court, after notice and a hearing, authorizes such use, sale, or lease in accordance with the provisions of this section.

11 U.S.C. § 363(c)(2).

19. A debtor has the burden of establishing that the holder of a lien whose cash collateral will be used has adequate protection. *See In re Swedeland Devel. Co.*, 16 F.3d 552, 564 (3d Cir. 1994).

20. The determination of adequate protection is a fact-specific inquiry to be decided on a case-by-case basis. *See In re Mosello*, 195 B.R. 277, 288 (Bankr. S.D.N.Y. 1996). "Its application is left to the vagaries of each case . . . but its focus is protection of the secured creditor from diminution in the value of its collateral during the reorganization process." *Id.* (quoting *In re Beker Indus. Corp.*, 58 B.R. 725, 736 (Bankr. S.D.N.Y. 1986)).

21. Courts in this district have found that where the value of the collateral does not diminish, and a debtor can operate profitably, the creditor is adequately protected. *In re Pursuit Athletic Footwear, Inc.*, 193 B.R. 713, 716-17 (Bankr. D. Del. 1996).

22. In this case, the Lender will receive the Adequate Protection as described herein and in the Interim Order. In addition, the Lender has consented to the Debtor's use of Cash Collateral. Therefore, this Court is authorized to permit the Debtor to use the Cash Collateral pursuant to section 363(c)(2) of the Bankruptcy Code.

23. Moreover, the Debtor submits that the Adequate Protection to be provided to the Lender is appropriate. In this regard, section 363(e) of the Bankruptcy Code provides as follows:

> Notwithstanding any other provision of this section, at any time, on request of an entity that has an interest in property used . . . by the [debtor in possession], the court, with or without a hearing, shall prohibit or condition such use . . . as is necessary to provide adequate protection of such interest.

11 U.S.C. § 363(e). The Bankruptcy Code does not define adequate protection, but section 361 of the Bankruptcy Code lists three non-exclusive examples of adequate protection. First, making a cash payment or periodic cash payments to the extent necessary to compensate for any decrease in value of the party's interest in property may constitute adequate protection. *See* 11 U.S.C. § 361(1). Second, providing additional or replacement liens to the extent necessary to compensate for any decrease in value of the interest of the property may suffice. *See* 11 U.S.C. § 361(2). Third, "granting such other relief . . . as will result in the realization by such entity of the indubitable equivalent of such entity's interest in such property" may also suffice. *See* 11 U.S.C. § 361(3).

24. As adequate protection under sections 363(e) and 361(1)-(3) of the Bankruptcy Code, the Debtor will provide the Lender with Replacement Liens and the Superpriority Claim.

25. The terms and conditions on which the Debtors may use Cash Collateral have been carefully designed to meet the dual goals of sections 361 and 363 of the Bankruptcy Code and to avoid immediate and irreparable harm to the Debtor's estate pending a final hearing. If the Interim Order is entered, the Debtor will have working capital to operate its business to the extent necessary to preserve and maximize value of its business, thereby maintaining and maximizing value for the benefit of stakeholders. At the same time, the Lender—who has consented to the use of Cash Collateral and the Adequate Protection—will be adequately protected. Therefore, the Debtor respectfully submits that the use of Cash Collateral on the terms set forth in the attached proposed Interim Order is in the best interest of the Debtor, its estate, its creditors, and parties in interest and, therefore, should be authorized by this Court.

## FINAL HEARING

26.  The Debtor further respectfully requests that, pursuant to Bankruptcy Rule 4001(b)(2), this Court set a date and time for the Final Hearing to consider the entry of a Final Order approving the relief sought in the Motion.

## NOTICE

27.  No trustee, examiner or creditors' committee has been appointed in these chapter 11 cases. Notice of the Motion has been provided to: (a) the Office of the United States Trustee for the District of Delaware; (b) those parties listed on the consolidated list of creditors holding the 20 largest unsecured claims against the Debtor, as identified with the Debtor's chapter 11 petition; and (c) counsel for the Lender. In light of the nature of the relief requested herein, the Debtor submits that no other or further notice is required.

## NO PRIOR REQUEST

28.  No prior request for the relief sought in this Motion has been made to this Court or any other court.

## CONCLUSION

WHEREFORE, the Debtor respectfully requests that the Court (i) enter an Interim Order authorizing the Debtor to use Cash Collateral on an interim basis pursuant to the proposed Interim Order, (ii) schedule a Final Hearing on the Motion, (iii) after notice and an opportunity for a hearing, enter a Final Order authorizing the Debtor to use Cash Collateral, and (iv) grant such further relief as is appropriate.

Dated: August 12, 2011
Wilmington, Delaware

**MORRIS, NICHOLS, ARSHT & TUNNELL LLP**

*/s/ Eric D. Schwartz*

Eric D. Schwartz (No. 3578)
Daniel B. Butz (No. 4227)
Matthew B. Harvey (No. 5186)
1201 North Market Street, 18th Floor
P.O. Box 1347
Wilmington, DE 19899-1347
Telephone: (302) 658-9200
Facsimile: (302) 425-4673
Email: eschwartz@mnat.com
      dbutz@mnat.com
      mharvey@mnat.com

-and-

Timothy F. Nixon
Carla O. Andres
**GODFREY & KAHN, S.C.**
333 Main Street, Suite 600
P.O. Box 13067
Green Bay, WI 54307-3067
Telephone: (920) 436-7687
Facsimile: (920) 436-7988
Email: tnixon@gklaw.com
      candres@gklaw.com

*Proposed Counsel for Debtor and Debtor in Possession*

4429856