IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **In re:** | ) | **Chapter 11** |
| | ) | |
| **MANISTIQUE PAPERS, INC.,** | ) | **Case No. 11-12562 (KJC)** |
| | ) | |
| **Debtor.** | ) | Proposed Hearing Date: August 25, 2011 at 4:00 p.m. |
| | ) | Proposed Obj. Deadline: At the Hearing |

## MOTION OF RBS CITIZENS, NATIONAL ASSOCIATION TO CONVERT THIS CASE TO CHAPTER 7

RBS Citizens, National Association (a national banking association, "Lender"), by and through his undersigned counsel, pursuant to Section 1112(b) of the United States Bankruptcy Code, 11 U.S.C. §§ 101, et seq, (the "Code"), hereby moves the Court for entry of an order converting this case (this "Case") of Manistique Papers, Inc. ("Debtor") to one under chapter 7 of the Code.

### Background

1. On August 12, 2011 (the "Filing Date"), Debtor filed its voluntary petition under chapter 11 of the Code.

2. Debtor is a debtor-in-possession as of the filing of this motion, but it ceased manufacturing operations on August 5, 2011. See D.I. 2, Declaration of Jon Johnson in Support of Debtor's Chapter 11 Petition and First Day Motions (hereafter, the "Johnson Dec."), at Paragraph 16.

3. On August 15, 2011, the Court entered that certain Interim Order Authorizing Debtor to: (a) Use Cash Collateral on an Emergency Basis; and (b) Grant Adequate Protection and Other Relief to RBS Citizens, National Association (D.I. 25, the "Cash Collateral Order").

4. Unless terminated earlier as a result of an "Event of Default" under and as defined in the Cash Collateral Order, Debtor's authority to use cash collateral shall expire on August 26, 2011.

5. The Cash Collateral Order was entered with Lender's consent but without any evidence of adequate protection of Lender's interests. See Johnson Dec. at Paragraph 90.

6. The Cash Collateral Order enables Debtor to continue the orderly liquidation of its assets and transition the administration of its estate to a chapter 7 trustee on an orderly basis.

7. As of the filing of this motion, Lender does not consent to Debtor's use of cash collateral after the "Termination Date" of the Cash Collateral Order.

## Jurisdiction and Venue

8. Jurisdiction of this Case and proceeding is proper in this Court pursuant to 28 U.S.C. § 1334(a) and (b) and the bankruptcy reference from the Unites States District Court for the District of Delaware. This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A) and (O).

9. Venue of this Case and proceeding is proper pursuant to 28 U.S.C. §§ 1408 and 1409(a).

## Statutory Basis for Relief Requested

10. Section 1112(b) of the Code provides in pertinent part:

[O]n request of a party in interest, and after notice and a hearing, absent unusual circumstances specifically identified by the court that establish that the requested conversion or dismissal is not in the best interest of creditors and the estate, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, if the movant establishes cause.

11 U.S.C. § 1112(b).

11. The term "cause" includes, among other things, "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation." 11 U.S.C. § 1112(b)(4)(A).

## **Argument**

12. Under the circumstances, Debtor is not entitled to use cash collateral and has no economic means by which to administer its estate after August 26, 2011. All or substantially all of Debtor's assets (other than avoidance actions) are encumbered by Lender's prepetition liens. Debtor simply has nothing of value to offer Lender in consideration of the cash it needs to use going-forward. Adequate protection such as periodic payments, replacement liens and an equity cushion are unavailable, of no value, and non-existent in this Case. In short, Debtor is unable to adequately protect Lender in connection with any use of cash collateral.

13. In addition to basic liquidation expenses, however, Lender has also been requested and, subject to the terms of the Cash Collateral Order, has already to some extent agreed to fund various chapter 11 expenses unrelated to the orderly liquidation of Debtor's assets. With the upcoming formation of a Committee and if this Case remains in chapter 11, similar requests will likely continue. Any additional dollars allocated to such amounts would be real losses to and diminution of Debtor's estate and Lender's recovery. Lender does not agree to any such further losses.

14. At this time, this Case is not a reorganization or even an orderly wind-down or going-concern sale. This Case is an orderly liquidation in the true sense. Debtor is not conducting any business and is only liquidating its assets in an orderly manner to maximize value. Debtor hopes that it will find alternative financing or a strategic transaction partner before the Cash Collateral Order terminates and allow it to restart operations. However, without that

immediate rescue there is no reasonable likelihood of Debtor's facility becoming a going-concern again and no reasonable likelihood that Debtor could timely confirm any type of plan in this Case.

15. Under the circumstances, administration of this Case can be done, and at lesser expense, by a chapter 7 trustee. Upon a conversion, Lender would try to negotiate consensual cash collateral use with a chapter 7 trustee on substantially the same terms contained in the Cash Collateral order.

16. It is clearly in the best interests of creditors and this estate to convert this Case to one under chapter 7 of the Code. The orderly liquidation of Debtor's remaining assets could continue more efficiently, a trustee could undertake the review of causes of action for the benefit of unsecured claims, and Debtor's estate would avoid becoming administratively insolvent after August 26, 2011.

### Notice

17. No trustee or examiner has been appointed in this chapter 11 case. Notice of this Motion has been provided to: (i) the Office of the United States Trustee for the District of Delaware, (ii) counsel to Debtor, and (iii) all parties entitled to receive notice in these proceedings pursuant to Bankruptcy Rule 2002.

4

RLF1 5313909v.1

## Conclusion

WHEREFORE, for the reasons stated above, Lender respectfully requests that the Court enter an order, substantially in the form attached hereto as **Exhibit A**:

(1) converting this Case, pursuant to Code § 1112(b), to one under chapter 7 of the Code upon occurrence of the "Termination Date" of the Cash Collateral Order; and

(2) granting such other relief as the Court may deem to be appropriate under the circumstances.

Dated: August 17, 2011
Wilmington, Delaware

/s/ T-McH

Paul Heath (DE No. 3704)
Travis A. McRoberts (DE No. 5274)
**RICHARDS, LAYTON & FINGER, P.A.**
One Rodney Square
920 North King Street
Wilmington, DE 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701

- and -

Jeremy M. Downs (ARDC No. 6272155)
Logan E. Stortz (ARDC No. 6302036)
**GOLDBERG KOHN LTD.**
55 East Monroe Street
Suite 3300
Chicago, Illinois 60603
Telephone: (312) 201-4000
Facsimile: (312) 332-2196

*Counsel to RBS Citizens, National Association*