IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>MANISTIQUE PAPERS, INC.,<br>       Debtor.[1] | Chapter 11<br><br>Case No. 11-12562 (KJC)<br><br>Hearing Date: December 13, 2011 at 3:00 p.m. (ET)<br>Objection Deadline: December 6, 2011 at 4:00 p.m. (ET) |

## APPLICATION TO EMPLOY SANABE & ASSOCIATES, LLC AS INVESTMENT BANK FOR THE DEBTOR *NUNC PRO TUNC* TO OCTOBER 24, 2011

Manistique Papers, Inc., debtor and debtor in possession (the "Debtor"), makes this *Application to Employ Investment Bank for the Debtor Nunc Pro Tunc to October 24, 2011* (the "Application") for the entry of an order ("Order") authorizing it pursuant to 11 U.S.C. § 327 to retain Sanabe & Associates, LLC ("Sanabe") as its investment bank effective October 24, 2011, under the terms and conditions described in this Application. In support of the Application, the Debtor submits the accompanying *Declaration of Jonathan I. Mishkin in Support of the Application to Employ Investment Bank for the Debtor* (the "Mishkin Declaration"), and states as follows:

### Jurisdiction

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2). Venue is proper in this District and before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### Background

2. On August 12, 2011 (the "Petition Date"), the Debtor commenced with this Court a voluntary case pursuant to chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

---

[1] The Debtor's federal tax identification number is 65-1290950. The Debtor's mailing address and corporate headquarters is 453 South Mackinac Avenue, Manistique, MI 49854-1399.

3. The Debtor is continuing in possession of its property and is operating and managing its business, as a debtor in possession, pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code. No request has been made for the appointment of a trustee or an examiner.

4. On August 23, 2011, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed (D.I. 58) an official committee of unsecured creditors (the "Committee").

5. Further information regarding the Debtor's factual background, including its current and historical business operations and the events precipitating this chapter 11 filing, is set forth in detail in the *Declaration of Jon Johnson in Support of the Debtor's Chapter 11 Petition and First Day Motions*, and is incorporated herein by reference.

## Relief Requested

6. The Debtor desires to retain and employ Sanabe as its investment bank to advise the Debtor regarding a possible sale of its assets. Pursuant to § 327 of the Bankruptcy Code, Bankruptcy Rule 2014 and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtor respectfully requests authority to retain Sanabe as its investment bank in this case subject to the Engagement Letter, its Annex A, and the Indemnification Agreement (all of which are attached as Exhibit B to the Mishkin Declaration), and as described in this Application.

7. The Debtor believes it is necessary to employ an investment bank to give the Debtor financial advice in connection with its ongoing operations and bankruptcy case.

8. The Debtor has selected Sanabe to serve as its investment bank for the following reasons:

  A. Sanabe is the leading investment banking boutique serving the paper industry. It has completed 11 transactions in the paper industry under $1 billion in the last six years.;

  B. Sanabe has substantial experience working with the Debtor and is familiar with it – having sold the Debtor to its present owner in 2006;

  C. Sanabe has up to date knowledge of those willing to invest in the Debtor's industry and a "bottom up and top down" understanding of the Debtor's industry as well as experience in bankruptcy in this district; and

  D. as part of its selection process, the Debtor sent out five requests for proposal, and interviewed three potential investment banking firm candidates with the Creditors Committee and mBank before the Debtor selected Sanabe.

9. Subject to court approval, the Debtor would retain Sanabe as its exclusive investment banker in conjunction with a possible Sale Transaction (as defined in the Engagement Letter). Sanabe's advice would relate to a number of discrete components, to the extent requested by the Debtor, as detailed below:

  A. working with Manistique management in developing a strategy with regard to the Sale Transaction;

  B. working with the Debtor to articulate a business plan and business strategy to achieve profitability (the "<u>Business Plan</u>");

  C. assisting in the preparation of a descriptive memorandum (or its equivalent) regarding the Debtor's assets that would include details of the Business Plan;

  D. preparing and presenting a list of potential purchasers to the Debtor for the Debtor's review;

  E. contacting potential purchasers, both strategic and financial, (who would be disclosed to the Debtor in writing) to solicit their interest in a Sale Transaction;

F. coordinating the creation and maintenance of a data room of information provided by the Debtor, the costs of which will be charged directly to the Debtor;

G. preparing, with the assistance of the Debtor, management presentations to selected purchasers;

H. advising the Debtor in its negotiations regarding the Sale Transaction, including, if necessary, evaluating indications of interest and offers received and negotiating (along with the Debtor's legal counsel) a definitive agreement;

I. coordinating with the Debtor's legal counsel regarding matters related to the closing of a transaction, and other advice as may be requested by the Debtor; and

J. taking all necessary steps and providing services appropriate to the Debtor's efforts to maximize the value of its assets and estate.

10. The Debtor believes that the retention of Sanabe as described above will benefit its estate and preserve funds for distribution to unsecured creditors.

11. The Debtor is not indebted to Sanabe for any pre-petition work.

12. The Debtor requests that all fees and related costs and expenses incurred by the Debtor on account of services rendered by Sanabe in this case be paid as administrative expenses of the estate. Subject to the Court's approval, Sanabe will charge the Debtor for its consulting services as follows:

A. A retainer of $50,000.00 paid on execution of the Engagement Letter (and credited to the final invoice).

B. At closing of the Sale Transaction, a fee ("Success Fee") the greater of $375,000.00 or 3% of the Transaction Value (as defined in the Engagement Letter, Annex A) plus an additional 2% of the differential (if any) of the Transaction Value over $15.5 million.

C. The Debtor would also reimburse Sanabe for its reasonable out-of-pocket expenses incurred in our work on this project, including travel, printing and any costs of outside legal counsel. Sanabe anticipates no need for any outside legal assistance except in the drafting of the Engagement Letter and working on the retention pleadings. The Debtor understands that Sanabe's practice is to bill these expenses on a monthly basis. All invoices would be due and payable within ten days of receipt.

13. Sanabe researched its relationship with the Debtor, its 20 largest creditors, its secured creditor and its equity holders. To the best of the Debtor's knowledge, information and belief, Sanabe does not represent and does not hold any interest adverse to the Debtor, its estate, or any of the searched parties in the matters for which Sanabe is proposed to be retained, except as may be disclosed in the Mishkin Declaration. Accordingly, Sanabe is a "disinterested person" within the meaning of §§ 101(14) and 327 of the Bankruptcy Code, and Sanabe's retention is in the best interest of the Debtor, its estate and its creditors.

14. The Debtor request approval of the employment of Sanabe *nunc pro tunc* to October 24, 2011. *Nunc pro tunc* relief is warranted by the extraordinary circumstances presented by this case. The Third Circuit has identified "time pressure to begin service" and absence of prejudice as factors favoring *nunc pro tunc* retention. *See matter of Arkansas Co.*, 798F.2d 645, 650 (3d Cir. 1986); *see also In re Indian River Homes, Inc.*, 108 B.R. 46, 52 (D. Del. 1989). The complexity, intense activity, and speed that have characterized this case required the Debtor's management and other professionals to focus their immediate attention on time-sensitive matters and promptly devote substantial resources to the Debtor's affairs pending submission and approval of this Application.

### Notice

15. Notice of this Motion has been provided to: (i) the U.S. Trustee; (ii) counsel to the Committee; and (iii) counsel to MBank. Given the nature of the relief requested, the Debtor

5

submits that no other or further notice is necessary and asks the Court, pursuant to Bankruptcy Rule 9007, to approve the same.

## No Previous Request

16. No previous request for the relief sought herein has been made to this or any other Court.

WHEREFORE, Manistique Papers, Inc. requests that the Court enter an order authorizing it to employ Sanabe & Associates, LLC. as its investment bank, effective as of October 24, 2011, with its compensation subject to further application and approval by the Court.

Dated November 18th, 2011.

MANISTIQUE PAPERS, INC.

_____
Jon Johnson
General Manager

Timothy F. Nixon
Carla O. Andres
**GODFREY & KAHN, S.C.**
333 Main Street, Suite 600
P.O. Box 13067
Green Bay, WI 54307-3067
Telephone: (920) 436-7687
Facsimile: (920) 436-7988
Email: tnixon@gklaw.com
candres@gklaw.com

7058689_4