# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Manistique Papers Liquidation Company, Inc.,<br><br>Debtor.[i] | Chapter 11<br><br>Case No. 11-12562 (KJC)<br><br>Related Docket No.: 1008, 1026 |

## ORDER APPROVING JOINT MOTION OF THE DEBTOR AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ENTRY OF AN ORDER DISMISSING THE DEBTOR'S CHAPTER 11 CASE AND GRANTING RELATED RELIEF, OR IN THE ALTERNATIVE, CONVERTING THE CASE TO A CASE UNDER CHAPTER 7 OF THE BANKRUPTCY CODE

Upon the joint motion (the "**Motion**")[1] of the Official Committee of Unsecured Creditors (the "**Committee**") of Manistique Papers, Inc. and the above-captioned debtor and debtor-in-possession (the "**Debtor**"), by and through its undersigned counsel, for entry of an order dismissing the above-captioned chapter 11 case, pursuant to section 1112 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 1017 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"); a formal objection by Waste Management Recycle America, LLC has been withdrawn based on the payment authorized in this order; informal inquires by Continental Recycling Corp. and C. Reiss Coal Company have been resolved based on payments authorized in this order; and it appearing that due and adequate notice of the Motion has been given, and that no other or further notice need be given; and after due deliberation and sufficient cause appearing therefor, it is hereby:

**ORDERED** that

1. The Motion is granted as set forth herein.

2. The chapter 11 case of the Debtor (Case No. 11-12562-KJC) is hereby dismissed pursuant to section 1112 of the Bankruptcy Code effective as of the date hereof.

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

{01035144;v1 }
08/13/2015 38531338.1
14118908.4

3. The Court has and shall retain jurisdiction over any and all orders entered in the Debtor's chapter 11 case to the fullest extent permitted by the Bankruptcy Code and applicable law.

4. United States Trustee's fees and expenses along with any open balance due the Clerk of the Bankruptcy Court shall be paid through the date hereof and any residual cash remaining in the estate shall be donated to the Anthony J. Schnelling Endowment of the American Bankruptcy Institute.

5. The Debtor's funds in the amount of $619,440.58 (the "Funds") shall be distributed on a pro rata basis among the approved claims for professional fees (the "**Professional Fees**") and the administrative expense claims. The payments are deemed to be made as of the date hereof.

6. The administrative expense claims shall be paid as follows:

(a) The administrative claims described in the Motion shall be understood to be the $68,289.84 administrative portion of the United Steelworkers claim listed as Claim No. 138 on the Claims Register Report at Docket No. 1007. As the United Steelworkers filed this claim pursuant to Section 1114(e) of the Code, 11 U.S.C. § 1114(e), on behalf of two retirees who were entitled to retiree benefits pursuant to collective bargaining agreements between the Debtor and the United Steelworkers, for purposes of the distribution, retirees Donald Benish and Joseph Brock, the two retirees covered by the United Steelworkers' claim, shall each be treated as having an allowed administrative expense in the amount of $34,144.92. Messrs. Benish and Brock shall each receive payment of their *pro rata* share of the United Steelworkers' claim directly from the Debtor.

(b) The administrative expense claims of Waste Management Recycle America, LLC, Continental Recycling Corp., and C. Reiss Coal Company are:

| Waste Management Recycle America, LLC | $403,277.59 |
| --- | --- |
| Continental Recycling Corp. | $16,177.79 |
| C. Reiss Coal Company | $144,612.14 |

Each shall be treated as having an allowed administrative expense of 50% of the amount above and each shall each receive payment of their share of the Funds directly from the Debtor *pro rata* along with the United Steelworkers' claim and the Professional Fees.

    (c) The payments are deemed to be made as of the date hereof.

*[signature]* 8-17-15
The Honorable Kevin J. Carey
United States Bankruptcy Judge

---

[i] The Debtor's federal tax identification number is 65-1290950.